**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:    Case No.8:18-bk-05407-RCT

SARAH LUCILLE LICHTENSTEIN,    Chapter 7

    Debtor.
_____/

**LAKEVIEW LOAN SERVICING, LLC 'S MOTION FOR RELIEF FROM**
**AUTOMATIC STAY TO ENFORCE FINAL JUDGMENT OF FORECLOSURE**
(Re: 1204 Long Pine Street, Davenport, Florida 33897)

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on the movant's attorney, Wanda D. Murray, at Aldridge | Pite LLP, Fifteen Piedmont Center, 3575 Piedmont Road, N.E., Suite 500, Atlanta, GA 30305 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

    Lakeview Loan Servicing, LLC ("Movant"), by and through undersigned counsel, files this *Motion for Relief from the Automatic Stay to Enforce Final Judgment of Foreclosure* and in support states as follows:

    1.    The Court has jurisdiction over this matter pursuant to 11 U.S.C. §362, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

    2.    On June 28, 2018, Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

3. Debtor's own certain real property located at 1204 Long Pine Street, Davenport, Florida 33897 (the "Property") in Polk County, Florida, legally described as:

> **THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF FLORIDA, COUNTY OF POLK, AND IS DESCRIBED AS FOLLOWS:**
>
> **ALL THAT CERTAIN PARCEL OF LAND SITUATE IN THE COUNTY OF POLK, STATE OF FLORIDA, BEING KNOWN AND DESIGNATED AS LOT 160, FLORIDA PINES PHASE I, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 111, PAGES 44, 45, AND 46, PUBLIC RECORDS OF POLK COUNTY, FLORIDA.**

4. Movant holds a security interest on the Property by virtue of a Mortgage which is recorded in the Public Records of Polk County in Book 08623 at Page 0613. Said Mortgage secures a Note in the amount of $135,946.00.

5. Debtor defaulted under the terms of the Note and Mortgage by failing to make the monthly payments due there under. As a result of these defaults, Movant commenced a foreclosure action in the Circuit Court for the 10th Judicial Circuit in and for Polk County, Florida, which ultimately resulted in the entry of a Final Judgment against Debtor on August 14, 2017 in the amount of $172,151.05 with regards to the Property. A true and correct copy of the *Final Judgment* is attached hereto as **Exhibit A**.

6. The Property has been claimed exempt by Debtor. Additionally, the Property has not been abandoned by the Trustee.

7. The estimated value of the Property is $170,636.00. This valuation is based on the fair market value as determined by the Polk County Property Appraiser. See Polk County Property Appraisal attached as **Exhibit B**. Thus, there is no equity in the Property for the benefit of unsecured creditors of the estate.

8. Movant's security interest in the Property is being significantly jeopardized by Debtor's failure to make regular payments under the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such security interest.

9. Movant respectfully requests that the Court grant it relief from the automatic stay in this case pursuant to 11 U.S.C. §362(d)(1), for cause, namely the lack of adequate protection to Movant for its security interest in the Property. The value of the Property is insufficient in and of itself to provide adequate protection to Movant, which the Bankruptcy Code requires to be provided.

10. Movant further requests that the Court Order entered pursuant to the instant Motion provide that all communications sent by Movant in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, be sent directly to Debtor.

11. Pursuant to 11 U.S.C. §362(e), Movant hereby requests that in the event a hearing is necessary, that said hearing be held within thirty (30) days.

12. Movant seeks its attorneys' fees and costs incurred in filing this Motion for Relief from Automatic Stay.

13. Movant respectfully requests that the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, so that Movant can pursue its in rem remedies without further delay.

**WHEREFORE**, Movant respectfully requests that the automatic stay be lifted so that Movant may be permitted to protect its security interest in the Property outside of the bankruptcy forum, that in the event that a hearing is necessary on this Motion that it be held within thirty (30) days, that Movant's attorneys' fees and costs incurred in filing this Motion be recoverable as part of the debt pursuant to the loan documents but shall not be a personal liability of Debtor, that the Court waive the provisions of Rules 4001(a)(3) and for such further relief as the Court may deem just and proper.

Respectfully Submitted:

Wanda D. Murray, Bar No.: 566381
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: WMurray@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion for Relief from the Automatic Stay to Enforce Final Judgment of Foreclosure* was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR ATTORNEY**
**(via electronic notice)**

Elayne M Conrique
Perez Conrique Law
746 North Magnolia Avenue
Orlando, FL 32803
bankruptcyecf@eperezlaw.com

**DEBTOR**

Sarah Lucille Lichtenstein
1204 Long Pine St.
Davenport, FL 33897

**TRUSTEE**
**(via electronic notice)**

Beth Ann Scharrer
Trustee
PO Box 4550
Seminole, FL 33775-4550
bscharrertrustee@gmail.com

**UNITED STATES TRUSTEE**
**(via electronic notice)**

Department of Justice
Middle District of Florida - Tampa Division
United States Trustee - TPA7/13, 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602
USTPRegion21.TP.ECF@USDOJ.GOV

Dated: August 30, 2018

/s/ *Wanda D. Murray*
Wanda D. Murray, Bar No.: 566381
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: WMurray@aldridgepite.com

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2015CA003478000000

1ST ALLIANCE LENDING, LLC,
Plaintiff,

VS.

DAVID LICHTENSTEIN; SARAH LICHTENSTEIN; FLORIDA PINES HOMEOWNERS ASSOCIATION, INC; UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY- INTERNAL REVENUE SERVICE; UNKNOWN TENANT 1, UNKNOWN TENANT 2, UNKNOWN TENANT 3, UNKNOWN TENANT 4 the names being fictitious to account for parties in possession,
Defendant(s).
_____/



FILED-CIVIL LAW
2017 AUG 14 PM 5:02
STACY M. BUTTERFIELD
CLERK OF CIRCUIT COURT
POLK COUNTY, FLORIDA

## FINAL JUDGMENT

THIS ACTION was heard before the Court at Non-Jury Trial on August 14, 2017. On the evidence presented,

IT IS ADJUDGED THAT:

1. Plaintiff, 1ST ALLIANCE LENDING, LLC, whose address is, P.O. Box 8068, Virginia Beach, VA 23450, is due:

| | |
|---|---|
| Principal | $131,033.20 |
| Interest from 03/01/2015 through 08/14/2017 | $20,886.39 |
| Pre Acceleration Late Charges | $1,548.80 |
| Escrow Advance | $9,633.11 |
| | |
| Attorney's fees | $2,800.00 |
| Additional fees | $1,837.50 |
| Trial fees | $2,150.00 |
|     Finding as to reasonable number of hours (10 hours) | |
|     Finding as to reasonable hourly rate ($215/hour) | |

Exhibit A

| | | |
|---|---|---|
| Attorney's fees total | | $6,787.50 |
| Court costs (Title/Lien Search, Clerk's Filing Fee, Service) | | $2,074.05 |
| Full Title Report | $325.00 | |
| FL eRecording Fee | $15.00 | |
| Complaint Filing | $905.00 | |
| Florida eFiling Service Fee | $3.00 | |
| Lis Pendens | $5.00 | |
| Complaint - Additional Cost per Defendant | $7.50 | |
| Complaint - Issue Summons | $60.00 | |
| Full Title Report | $325.00 | |
| Service of Process (Provest) | $355.00 | |
| First Class Mail | $2.30 | |
| First Class Mail | $1.84 | |
| FedEx Mail | $12.09 | |
| Clerks Fee to Reopen Case | $50.00 | |
| First Class Mail | $2.30 | |
| First Class Mail | $0.92 | |
| First Class Mail | $0.92 | |
| First Class Mail | $0.92 | |
| First Class Mail | $1.34 | |
| First Class Mail | $0.92 | |
| Property Inspection | | $180.00 |
| Property Registration Fee | | $8.00 |
| LESS: Escrow Balance | | $0.00 |
| LESS: Suspense Balance | | $0.00 |
| **GRAND TOTAL** | | **$172,151.05** |

That shall bear interest at the rate of 5.17% a year.

2. Plaintiff holds a lien for the total sum superior to all claims or estates of Defendant(s), DAVID LICHTENSTEIN; SARAH LICHTENSTEIN; FLORIDA PINES HOMEOWNERS ASSOCIATION, INC; UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE, on the following described property in POLK County, Florida and described as:

**LOT 160, FLORIDA PINES PHASE I, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 111, PAGES 44 THROUGH 46, INCLUSIVE, OF THE PUBLIC RECORDS OF POLK COUNTY, FLORIDA.**

Exhibit A

**Property Address: 1204 LONG PINE STREET, DAVENPORT, FL 33897**

3. If the total sum with interest at the rate described in Paragraph 1 and all costs accrued subsequent to the Judgment are not paid, the Clerk of this Court shall sell the property at public sale on the __18__ day of __September__, 201_7_, to the highest bidder for cash, except as prescribed in Paragraph 4, at the courthouse located at 255 North Broadway, , Bartow, FL 33830 in Polk County, Florida, in accordance with section 45.031, Florida Statues, using the following method:

   ✓ At the Polk Online, www.polk.realforeclose.com beginning at 10:00 AM on the prescribed date.

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the Certificate of Title. If Plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to plaintiff, less the item paid, plus interest at the rate prescribed in Paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

6. If applicable, Plaintiff, its successors or assigns, is entitled to safe harbor under F.S. 720 or 718, respectively, and as such is only responsible to pay 1% of the subject mortgage or one (1) year of regular periodic assessments, at the time Certificate of Title is issued

Exhibit A

vesting title to Plaintiff, its successors or assigns. Plaintiff, including its successors and assigns, is not responsible for interest, late fees, collection costs or attorney's fees incurred prior to the issuance of the certificate of title.

7. On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the notice of Lis Pendens shall be foreclosed of all estate or claim in property, except as to claims or rights under chapter 718 or chapter 720, Florida Statues, if any. Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property. If any Defendant remains in possession of the property, the clerk shall without further order of the Court issue forthwith a Writ of Possession upon request of the person named on the Certificate of Title.

8. *__The Plaintiff may assign the Judgment and credit bid by the filing of an assignment prior to the issuance of the Certificate of Title without further order of the Court.__*

9. *__Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment, and orders relating to supplemental proceedings to address any omitted parties who may possess an interest in the property. Jurisdiction of this action is further retained to allow Plaintiff to file post-judgment motions seeking a determination on the amounts of assessments due to any Associations under §718.116 and §720.3085, Fla. Stat.__*

10. The United States of America shall have the right of redemption as provided in Title 28 U.S.C.A. Section 2410(c). Further, the United States of America shall not be bound by the sixty (60) day time period imposed by Fla. Stat. Section 45.032 upon motions for distribution of surplus proceeds.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

Exhibit A

**IF YOU ARE SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**
**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR YOUR COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

| Hardee County Clerk of Court | Highlands County Clerk of Court | Polk County Clerk of Court |
|---|---|---|
| 417 West Main Street Suite 214 Wauchula, FL 33873 (863) 773-4174 www.hardeeclerk.com | 590 South Commerce Avenue Sebring, FL 33870 (863) 402-6591 www.hcclerk.org | 255 North Broadway Avenue Bartow, FL 33830 (863) 534-5818 www.polkcountyclerk.net |

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LOCAL LEGAL SERVICES LISTED BELOW TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT ONE OF THE SERVICES LISTED BELOW, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

| Hardee County | Highlands County | Polk County |
|---|---|---|
| **Florida Institutional Legal Services, Inc.** Gainesville, FL (352) 375-2494 fils@bellsouth.net **Florida Justice Institute** Miami, FL (305) 358-2081 **Florida Rural Legal Services** Lakeland, FL | **Florida Institutional Legal Services, Inc.** Gainesville, FL (352) 375-2494 fils@bellsouth.net **Florida Justice Institute** Miami, FL (305) 358-2081 **Florida Rural Legal Services** Lakeland, FL | **Florida Institutional Legal Services, Inc.** Gainesville, FL (352) 375-2494 fils@bellsouth.net **Florida Justice Institute** Miami, FL (305) 358-2081 **Florida Rural Legal Services** |

Exhibit A

| (863) 688-7376<br>www.frls.org<br>**Heart of Florida Legal Aid Society, Inc.**<br>Bartow, FL<br>(863) 519-5663 | (863) 688-7376<br>www.frls.org<br>**Heart of Florida Legal Aid Society, Inc.**<br>Sebring, FL<br>(863) 519-5663 | Lakeland, FL<br>(863) 688-7376<br>www.frls.org<br>**Heart of Florida Legal Aid Society, Inc.**<br>Bartow, FL<br>(863) 519-5663 |
|---|---|---|

DONE AND ORDERED in Bartow, POLK County, Florida, this 14th day of Aug., 2017

_(signature)_
Circuit Court Judge
Roger Alcott

**Copies Furnished to:**
**ALDRIDGE | PITE, LLP**
Attorney for Plaintiff
1615 South Congress Avenue
Suite 200
Delray Beach, FL 33445
Primary E-Mail: ServiceMail@aldridgepite.com
[FAX: Aldridge Pite @1-561-**392-6965**]

David Lichtenstein
1204 Long Pine Street
Davenport, FL 33897
E-Mail: cleanvillasinc@Gmail.com

Sarah Lichtenstein
1204 Long Pine Street
Davenport, FL 33897
E-Mail: cleanvillasinc@Gmail.com

Florida Pines Homeowners Association, Inc
C/O Ne An Services, Inc.
13864 Timberbrooke Drive Suite 101
Orlando, FL 32824

United States Of America Department Of The Treasury Internal Revenue S
C/O United States Attorney United States Attorney's Office, Middle District Of Florida
400 N Tampa St
Tampa, FL 33602

Exhibit A

|  |  |
|---|---|
| RECORDING REQUESTED BY:<br>**1st Alliance Lending, LLC**<br>**111 Founders Plaza**<br>**Suite 1300**<br>**East Hartford CT 06108**<br>AND WHEN RECORDED MAIL TO:<br>**1st Alliance Lending, LLC**<br>**111 Founders Plaza**<br>**Suite 1300**<br>**East Hartford, CT 06108**<br>ATTN: | INSTR # 2017110937<br>BK 10172 Pg 1801 PG(s)1<br>06/12/2017 10:17:51 AM<br>STACY M. BUTTERFIELD,<br>CLERK OF COURT POLK COUNTY<br>RECORDING FEES 10.00 |

## ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **1st Alliance Lending, LLC, a Connecticut Limited Liability Company** , **111 Founders Plaza Suite 1300, East Hartford, CT 06108** , by these presents does convey, assign, transfer and set over to: **Lakeview Loan Servicing, LLC** , **4425 Ponce de Leon Blvd MS 5-251, Coral Gables, FL 33146** , the described Mortgage, with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for **$135,946** is recorded in the State of **FLORIDA** , County of **Polk** Official Records, dated **03/14/2012** and recorded on **04/11/2012** , as Instrument No. **2012063503** in Book No. **08623** , at Page No. **0613-0624** .

Original Mortgagor: **David Lichtenstein and Sarah Lichtenstein**
Original Mortgagee: **Mortgage Electronic Registration Systems, Inc. as nominee for 1st Alliance Lending, LLC, a Connecticut Limited Liability Company, its successors and assigns at P.O. Box 2026, Flint, MI 48501-2026**
Property Address: **1204 Long Pine Street Davenport, FL 33897**

Date: **05/26/2017** .
**1st Alliance Lending, LLC**

*/s/ Eric Sanders*
Eric Sanders, President of Loan Servicing

STATE OF CT
COUNTY OF Cromwell } s.s.

On **05/26/2017** , before me **Brenda M. Rudolph** , Notary Public, personally appeared **Eric Sanders** , **President of Loan Servicing** personally known to me (or proved to me on the basis of satisfactory evidence), to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.
Witness my hand and official seal.

*/s/ Brenda M Rudolph*
Brenda M. Rudolph, Notary Public
Commission #: **121786**
My Commission Expires: **04/30/2019**

[Notary Seal: BRENDA M RUDOLPH, Notary Public, Connecticut, My Commission Expires Apr 30, 2019]

Prepared By: **Amanda Gagnon**

Exhibit A

Home Page » Return To Search Results

| Parcel Details: 26-25-25-999994-001600 |  TAX EST |  PRT CALC |  3rd HX EST |  PRC |  TRIM |  TAX BILL |
|---|---|---|---|---|---|---|

### Owners

| LICHTENSTEIN DAVID | 50% |
|---|---|
| ILICHTENSTEIN SARAH | 50% |

### Mailing Address

| Address 1 | **1204 LONG PINE ST** |
|---|---|
| Address 2 | |
| Address 3 | **DAVENPORT FL 33897-4651** |

### Site Address

| Address 1 | **1204 LONG PINE ST** |
|---|---|
| Address 2 | |
| City | **DAVENPORT** |
| State | **FL** |
| Zip Code | **33897** |

### Parcel Information

| Neighborhood | **119290.01** <br> Show Recent Sales in this Neighborhood |
|---|---|
| Subdivision | **FLORIDA PINES PHASE 1 PB 111 PGS 44-46** |
| Property (DOR) Use Code | **SFR up to 2.49 AC** **(Code: 0100)** |
| Acreage | **0.14** |
| Taxing District | **UNINCORP/SWFWMD** **(Code: 90000)** |
| Community Redevelopment Area | **NOT IN CRA** |

### Property Desc

**DISCLAIMER:** This property description is a condensed version of the original legal description recorded in the public records. It does not include the section, township, range, or the county where the property is located. It is a description of the ownership boundaries only and does not include easements or other interests of record. The property description should not be used when conveying property. The Property Appraiser assumes no responsibility for the consequences of inappropriate uses or interpretations of the property description. No warranties, expressed or implied, are provided for the data herein, its use, or its interpretation.

FLORIDA PINES PHASE 1 PB 111 PGS 44-46 LOT 160

### Area Map



### Recorded Plat

Visit the Polk County Clerk of Courts website to view the Recorded Plat for this parcel

Note: Some plats are not yet available on the Clerk's website. The site contains images of plats recorded on 01/05/1973 (beginning with book 058 Page 020) or later. For information on Plats recorded before 01/05/1973 (Book 058 Page 019 or less) please contact the Polk County Clerk's Office.

### Mapping Worksheets (plats) for 262525

Mapping Worksheet Info

Section_262525.pdf

Exhibit B

## Sales History

**Important Notice:** If you wish to obtain a copy of a deed for this parcel, click on the blue OR Book/Page number. Doing so will cause you to leave the Property Appraiser's website and access the Polk County Clerk of the Circuit Court's Official Records Search. Click here for a list of system requirements that the Clerk's office deems necessary in order to view the deed. Once the document opens, click the printer icon to print the document. If you have any issues opening the document once you have met all the listed system requirements, please contact the Clerk's office at (863)534-4000 and ask to speak to an IT staff member. If the Book/Page number does not have a blue link to Official Records, the deed may not be available through the online records of the Clerk of the Circuit Court. In order to obtain a copy of the deed you will need to contact the Clerk of the Circuit Court Indexing Department at 863-534-4516. If the Type Inst is an "R", the document is not available through the Clerk of the Circuit Court's Official Records Search. Please contact the Property Appraiser to order "R" type instruments.

| OR Book/Page | Date | Type Inst | Vacant/Improved | Grantee | Sales Price |
|---|---|---|---|---|---|
| 5615/1005 | 12/2003 | Q | I | | $100 |
| 4556/0397 | 10/2000 | W | V | LICHTENSTEIN DAVID | $20,384 |
| 4126/1721 | 11/1998 | | V | | $825,000 |

## Exemptions

**Note:** The drop down menus below provide information on the amount of exemption applied to each taxing district. The HX—first $25,000 homestead exemption may be allocated to one or more owners. The HB –second $25,000 amended homestead exemption reflects the name of the first owner only.

| Code | Bld. # | Description | % Ownership | Renew Cd | Year | Name | Note | Value |
|---|---|---|---|---|---|---|---|---|
| ⊞ HX | | HX-HOMESTEAD-FS196.031(1)(A)-01-26 | 50% | | 2002 | LICHTENSTEIN DAVID | | $25,000 |
| ⊞ HX | | HX-HOMESTEAD-FS196.031(1)(A)-01-26 | 50% | | 2002 | ILICHTENSTEIN SARAH | | $0 |
| ⊞ HB | | AMENDED HOMESTEAD | 100% | | 2002 | LICHTENSTEIN DAVID | | $25,000 |
| **Total Exemption Value (County)** | | | | | | | | **$50,000** |

If you have a Senior Exemption(Additional Homestead Exemption for Persons 65 and Older):  For the 2018 tax year, the allowable total household adjusted gross income received during 2017 could not exceed $29,454.   If your total household adjusted gross income exceeded this limit, YOU MUST NOTIFY THIS OFFICE.  Receiving no notification from the qualified senior will be considered a sworn statement, under penalty of perjury, that the income does not exceed the limit. Improperly claiming any exemption could result in a lien against your property.  If you would like to receive a notice of renewal electronically, please send us an email at paoffice@polk-county.net with your name, property address, and confirmation of your request.

## Buildings

### BUILDING 1 (SF - Single Family)

#### Building Characteristics                                                                                                1204 LONG PINE ST

**Total Under Roof:** 2,373 sqft
**Living Area (as originally constructed):** 1,945 sqft
**Actual Year Built:** 2001
**Effective Year:** 2001

**Building BAS Note:**   The base area (living area or square foot living area) of a building is the originally designed building footprint / plan of the cooled and heated

Exhibit B

area of the building.  In most cases, a base area will remain constant throughout the life of the building.  A base area can be converted to a subarea (Example: A portion of the base is "cut-out" and used as a garage or porch); It is not, however, standard appraisal practice to convert a subarea to a base area unless there was an error when initially entering the data.



| Element | Units | Information |
|---|---|---|
| **STYLE** | | SINGLE FAMILY |
| **UNITS** | | 1 UNIT |
| **STORY HEIGHT INFO ONLY** | | 1 Story for info only |
| **SUBSTRUCT** | | Continuous Wall |
| **FRAME / CONST TYPE** | | MASONRY |
| **EXTERIOR WALL** | | STUCCO |
| **ROOF STRUCTURE** | | HIP-SHINGLE |
| Room: Bedroom | 4 | |
| Room: Full Bath | 2 | |
| Room: Half Bath | 0 | |
| Fireplace | N | |
| Cntrl Heating / AC | Y | |

## Building Subareas

**Building Sub Area Note:**  A sub area is an individual component of a building that may or may not be cooled/heated.  The percent in a subarea description is the percent of the base rate applied to the value of the sub area.  (Example: UGR UNFINISHED GARAGE 50% indicates this sub area is valued at 50% of the base area rate); If a sub area changes over time, the contributory value may also change.

| Code | Description | Total |
|---|---|---|
| BAS | BASE AREA | 1,945 |
| UGR | UGR UNFINISHED GARAGE 50% | 400 |
| USP | USP UNFIN. SCREEN PORCH 40% | 28 |

**Total Under Roof**  2,373 ft$^2$

## Extra Features (Current)

| LN | Code | Description | BLD | Length | Width | Units | Year Built |
|---|---|---|---|---|---|---|---|
| 1 | POL2 | POOL 20000 | 1 | 28 | 12 | 1 | 2001 |
| 2 | SCE1 | SCREEN ENCLOSURE 3500 | 1 | 0 | 0 | 1 | 2001 |

## PERMITS

The Polk County Property Appraiser's Office does not issue or maintain permits.   Please contact the appropriate permit issuing agency to obtain information.   This property is located in the **UNINCORP/SWFWMD**  taxing district. The beginning of the description indicates permit agency (UNINCORP is an abbreviation for Unincorporated **POLK COUNTY**).

## Land Lines

| LN | Land Dscr | Ag/GreenBelt | Land Unit Type | Front | Depth | Units |
|---|---|---|---|---|---|---|
| 1 | * Residential | N | U | 55 | 110 | 1.00 |

* For Zoning/Future Land Use contact Polk County or the Municipality the parcel is located in.

**NOTICE: All information ABOVE this notice is current (as of Thursday, August 23, 2018 at 2:09:19 AM).  All information BELOW this notice is from the 2018 Tax Roll, except where otherwise noted.**

## Value Summary (2018)

**Desc**  **Value**

Exhibit B

| | |
|---|---:|
| Land Value | $42,000 |
| Building Value | $111,136 |
| Misc. Items Value | $17,500 |
| Land Classified Value | $0 |
| Just Market Value | $170,636 |
| *Cap Differential and Portability | $68,198 |
| Agriculture Classification | $0 |
| Assessed Value | $102,438 |
| Exempt Value (County) | $50,000 |
| Taxable Value (County) | $52,438 |

*This property contains a Homestead Cap with a differential of $68,198.

**Values by District (2018)**

| District Description | Proposed Tax Rate | Assessed Value | Proposed Assessed Taxes | Exemption | Proposed Tax Savings | Taxable Value | Proposed Taxes |
|---|---|---|---|---|---|---|---|
| BOARD OF COUNTY COMMISSIONERS | 7.156500 | $102,438 | $733.10 | $50,000 | $357.83 | $52,438 | $375.27 |
| POLK COUNTY PARKS MSTU | 0.561900 | $102,438 | $57.56 | $50,000 | $28.10 | $52,438 | $29.46 |
| POLK COUNTY LIBRARY MSTU | 0.210900 | $102,438 | $21.60 | $50,000 | $10.55 | $52,438 | $11.06 |
| POLK COUNTY STORMWATER MSTU | 0.100000 | $102,438 | $10.24 | $50,000 | $5.00 | $52,438 | $5.24 |
| POLK COUNTY SCHOOL BOARD - STATE | 4.003000 | $102,438 | $410.06 | $25,000 | $100.08 | $77,438 | $309.98 |
| POLK COUNTY SCHOOL BOARD - LOCAL | 2.248000 | $102,438 | $230.28 | $25,000 | $56.20 | $77,438 | $174.08 |
| SOUTHWEST FLA WATER MGMT DIST | 0.295500 | $102,438 | $30.27 | $50,000 | $14.78 | $52,438 | $15.50 |
| | | Assessed Taxes: | $1,493.11 | Tax Savings: | $572.54 | Total Taxes: | $920.59 |

**Non-Ad Valorem Assessments (2018)**

| LN | Code | Desc | Units | Rate | Assessment |
|---|---|---|---|---|---|
| 1 | SW001 | POLK WASTE & RECYCLING-COLL | 1.00 | 144.50 | $144.50 |
| 2 | SW002 | POLK WASTE & RECYCLING-DISP | 1.00 | 44.00 | $44.00 |
| 3 | FH116 | POLK COUNTY FIRE SERVICES | 1.00 | 0.59 | $0.59 |
| 4 | FI000 | POLK COUNTY FIRE SERVICES | 1.00 | 191.00 | $191.00 |
| **Total Assessments** | | | | | **$380.09** |

**Taxes**

| Desc | Last Year | 2018 Proposed |
|---|---|---|
| Taxing District | UNINCORP/SWFWMD (Code: 90000) | UNINCORP/SWFWMD (Code: 90000) |
| Millage Rate | 14.4814 | 14.5758 |
| Ad Valorem Assessments | $891.70 | $920.59 |
| Non-Ad Valorem Assessments | $380.09 | $380.09 |
| **Total Taxes** | **$1,271.79** | **$1,300.68** |

Exhibit B

**Your final tax bill may contain Non-Ad Valorem assessments which may not be reflected on this page, such as assessments for roads, drainage, garbage, fire, lighting, water, sewer, or other governmental services and facilities which may be levied by your county, city or any other special district. Visit the Polk County Tax Collector's site for Tax Bill information related to this account.** Use the **Property Tax Estimator** to estimate taxes for this account.

**Prior Year Final Values**

The Final Tax Roll is the 1st certification of the tax rolls by the Value Adjustment Board, per Florida Statute 193.122(2), F.S. This is the date all taxable property and tax rolls are certified for collection to the Tax Collector. Corrections made after this date are not reflected in the Final Tax Roll Values.

**2017**

| | |
|---|---|
| Land Value | $40,000.00 |
| Building Value | $99,208.00 |
| Misc. Items Value | $17,500.00 |
| Just Value (Market) | $156,708.00 |
| SOH Deferred Val | $56,377.00 |
| Assessed Value | $100,331.00 |
| Exempt Value (County) | $50,000.00 |
| Taxable Value (County) | $50,331.00 |

**2016**

| | |
|---|---|
| Land Value | $40,000.00 |
| Building Value | $91,580.00 |
| Misc. Items Value | $14,210.00 |
| Just Value (Market) | $145,790.00 |
| SOH Deferred Val | $47,523.00 |
| Assessed Value | $98,267.00 |
| Exempt Value (County) | $50,000.00 |
| Taxable Value (County) | $48,267.00 |

**2015**

| | |
|---|---|
| Land Value | $38,000.00 |
| Building Value | $85,381.00 |
| Misc. Items Value | $15,060.00 |
| Just Value (Market) | $138,441.00 |
| SOH Deferred Val | $40,857.00 |
| Assessed Value | $97,584.00 |
| Exempt Value (County) | $50,000.00 |
| Taxable Value (County) | $47,584.00 |

**2014**

| | |
|---|---|
| Land Value | $34,500.00 |
| Building Value | $83,846.00 |
| Misc. Items Value | $15,060.00 |
| Just Value (Market) | $133,406.00 |
| SOH Deferred Val | $36,596.00 |
| Assessed Value | $96,810.00 |
| Exempt Value (County) | $50,000.00 |
| Taxable Value (County) | $46,810.00 |

Exhibit B

**DISCLAIMER:**
The Polk County Property Appraiser makes every effort to produce and publish the most current and accurate information possible. The PCPA assumes no responsibility for errors in the information and does not guarantee that the data are free from errors or inaccuracies. Similarly the PCPA assumes no responsibility for the consequences of inappropriate uses or interpretations of the data. No warranties, expressed or implied, are provided for the data herein, its use, or its interpretation. Utili ation of the search facility indicates understanding and acceptance of this statement by the user.

Last Updated: Thursday, August 23, 2018 at 2:09:19 AM

Exhibit B